UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BOBBI JO S. O/B/O
J.S.,[1]

                                      Plaintiff,        Case # 23-CV-06450-FPG

v.                                                               DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                      Defendant.
_____

## INTRODUCTION

Bobbi Jo S. ("Plaintiff") brings this action on behalf of her daughter ("J.S.") pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied her application for Supplemental Security Income ("SSI") under Title XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 6, 7. For the reasons that follow, Plaintiff's Motion for Judgment on the Pleadings is DENIED, the Commissioner's Motion for Judgment on the Pleadings is GRANTED, and the complaint is DISMISSED WITH PREJUDICE.

## BACKGROUND

In May 2017, Plaintiff filed an SSI application on J.S.'s behalf. Tr.[2] 124–25. She alleged disability since April 13, 2016, due to anxiety and migraines. Tr. 124–28. In August 2017, the claim was initially denied. Tr. 170. On August 6, 2019, Administrative Law Judge Michael Devlin

---

[1] Under this District's Standing Order, any non-government party must be referenced solely by first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF No. 5.

1

("the ALJ") held a hearing. Tr. 90–122. The ALJ issued a decision finding that J.S. was not disabled on September 30, 2019. Tr. 134–56. On June 30, 2020, the Appeals Council remanded the case back to the ALJ. Tr. 157–63. The ALJ held a new hearing on February 11, 2021, and issued another unfavorable decision on June 3, 2021. Tr. 58–89, 19–57. On June 15, 2023, the Appeals Council denied Plaintiff's request for review. Tr. 1–6. This action seeks review of the Commissioner's final decision. ECF No. 1.[3]

## LEGAL STANDARD

### I. District Court Review

The scope of this Court's review of the ALJ's decision denying benefits to Plaintiff is limited. It is not the function of the Court to determine *de novo* whether Plaintiff is disabled. *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 447 (2d Cir. 2012). Rather, so long as a review of the administrative record confirms that "there is substantial evidence supporting the Commissioner's decision," and "the Commissioner applied the correct legal standard," the Commissioner's determination should not be disturbed. *Acierno v. Barnhart*, 475 F.3d 77, 80–81 (2d Cir. 2007). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brault*, 683 F.3d at 447–48 (internal citation and quotation marks omitted).

### II. Child Disability Standard

Individuals under eighteen years old are considered disabled when the individual "has a medically determinable physical or mental impairment, which results in marked and severe

---

[3] J.S.'s SSI application included claims from before and after she reached the age of eighteen. The ALJ applied the child standard of disability for the time before she turned eighteen and the adult standard for after she turned eighteen. On appeal, Plaintiff only challenges the ALJ's decision under the child standard. Defendant asserted that by not raising any claims related to the findings under the adult standard, Plaintiff forfeited a challenge to the ALJ's findings with respect to her adult claims. ECF No. 7-1 at 2. Plaintiff did not respond to this assertion in her reply. *See* ECF No. 8. Therefore, the Court will not address the ALJ's decision related to the adult claims.

functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(C)(i). In evaluating disability claims brought on behalf of children, the Commissioner is required to use the three-step process promulgated in 20 C.F.R. § 416.924. The first step requires the ALJ to determine whether the child is engaged in "substantial gainful activity." 20 C.F.R. § 416.924(a). The second step requires the ALJ to determine whether the child has any severe impairments, defined as anything that causes "more than minimal functional limitations." *Id.* Finally, the ALJ determines whether the child's impairment or combination of impairments meets, medically equals, or functionally equals the severity of a listed impairment. *Id.* If the ALJ finds that the child's impairment or combination of impairments meets or equals a listing, the child is then considered disabled. 20 C.F.R. § 416.924(d)(1).

In determining whether the child's impairment or combination of impairments meets or medically equals a listing, the ALJ must assess the child's functioning in six functional domains:

   (i) Acquiring and using information;
   (ii) Attending and completing tasks;
   (iii) Interacting and relating with others;
   (iv) Moving about and manipulating objects;
   (v) Caring for yourself; and
   (vi) Health and physical well-being.

20 C.F.R. § 416.926a(b)(1). The child is classified as disabled if the child has a "marked" limitation in any two domains of functioning or an "extreme" limitation in any one domain. 20 C.F.R. § 416.926a(d). A "marked" limitation exists when the impairment or cumulative effect of the impairments "interferes seriously with [the child's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(i). An "extreme" limitation is an impairment which "interferes very seriously" with the child's ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(3)(i). If the child has an impairment that meets, and

medically or functionally equals the listings, and the impairment meets the Act's duration requirement, the ALJ will find the child disabled. 20 C.F.R. § 416.924(d).

## DISCUSSION

### I. The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits under the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity. Tr. 27. At step two, the ALJ found that Plaintiff had severe impairments of migraine headaches, unspecified depressive disorder, and social anxiety. Tr. 27. The ALJ also found that Plaintiff's back pain, obesity, and constipation/abdominal pain were all non-severe. Tr. 32.

At step three, the ALJ found that prior to attaining age eighteen, J.S. did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments of 20 C.F.R. Part 404, Subpart P, Appx. 1. Tr. 33. Pursuant to 20 C.F.R. §§ 416.924(d) and 416.926a, the ALJ specifically found that J.S. had less than marked limitations in acquiring and using information; attending and completing tasks; interacting and relating with others; and health and physical well-being. Tr. 34–42. He also found no limitations in moving about and manipulating objects and in the ability to care for herself. Tr. 34–42. Accordingly, the ALJ found that Plaintiff was not disabled. Tr. 43.

### II. Analysis

Plaintiff asserts that remand is warranted on three grounds. The Court addresses each ground in turn.

#### a. Impermissible Cherry-Picking

Plaintiff first argues that a remand is warranted because the ALJ impermissibly cherry-picked the disability-supporting opinion of consultative psychologist Dr. Yu-Ying Lin, Ph.D.,

using his own lay judgment and mischaracterizations of the evidence. ECF No. 6-1 at 15. The Court disagrees.

Plaintiff alleges that the ALJ cherry-picked evidence from a period shortly before J.S.'s eighteenth birthday, when she showed some improvement in her maladaptive behaviors, to reject the more limiting portion of Dr. Lin's opinion. *Id.* at 17. Plaintiff further alleges that the impermissible cherry-picking was not harmless error because Dr. Lin's opinion supported a finding that J.S. had a marked limitation in the domain of Caring for Yourself. *Id.* at 18.

The ALJ found that Dr. Lin's opinion was only "partially persuasive." Tr. 36. The ALJ specifically rejected her opinion that J.S. was markedly limited in appropriately responding to changes in the environment, which is one of the considerations in the domain of Caring for Yourself. Tr. 36–37; *see* 20 C.F.R. 416.926a(k). Plaintiff alleges that the ALJ relied too heavily on notes from treating psychologist Dr. Hunt, Psy.D., which indicated that J.S. was making adjustments to confront her anxiety triggers, had completed her worker's permit application, and had accepted the task of figuring out how to independently collect the permit. ECF No. 6-1 at 15. Plaintiff maintains that instead of relying on Dr. Hunt's notes and J.S.'s later improvements, the ALJ should have addressed evidence from the entire relevant period in making his determination. *Id.* This other relevant evidence included that J.S. was only occasionally able to keep the lights on in the kitchen, cried at the thought of needing to leave the house, and insisted on the blinds being drawn in the house because she was worried people would see her. *Id.*

An ALJ is free to credit some portions of opinions and reject others, "[b]ut, when doing so smacks of 'cherry picking' of evidence supporting a finding while rejecting contrary evidence from the same source, an [ALJ] must have a sound reason for weighting portions of the same-source opinions differently." *Younes v. Colvin*, No. 1:14-170, 2015 WL 1524417, at *8 (N.D.N.Y.

5

Apr. 02, 2015). Here, the ALJ gave sound reasons for finding Dr. Lin's opinion only partially persuasive. Tr. 36–37. The ALJ acknowledged that Dr. Lin found that J.S. had a marked limitation in appropriately responding to changes in environment, but adequately explained why he disagreed with that conclusion. Tr. 37.

In addition to his explanation that Dr. Hunt's therapy notes contradicted Dr. Lin's assessment, he noted inconsistencies in what J.S. had told Dr. Lin. Tr. 36. For instance, J.S. said that she had no friends, but later said she spent a lot of time texting her boyfriend. Tr. 36. Further, he thought that Dr. Lin's finding that J.S. had a marked limitation in appropriately responding to changes in her environment was contradicted by her finding that J.S. can be aware of dangers and take necessary precautions without limit. Tr. 37. For these reasons, the ALJ concluded that the totality of the evidence did not support a marked limitation, and the Court concludes that this finding is reasonably supported by the record.

As the ALJ's findings were reasonably supported by the record, they "must be given conclusive effect" even if "the administrative record may also adequately support contrary findings on particular issues." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010). The ALJ did not ignore or cherry-pick evidence, but rather acknowledged and resolved conflicts in the record to arrive at reasonable factual conclusions. The mere fact that Plaintiff can identify other evidence to support a different conclusion does not entitle her to relief. *Emery S. v. Comm'r of Soc. Sec.*, No. 20-CV-662, 2021 WL 2592363, at *4 (W.D.N.Y. June 24, 2021). Thus, the Plaintiff's argument does not warrant a remand.

    b.  The Ability to Care for Yourself

Next, Plaintiff argues that the ALJ's finding that J.S. had no limitation in the Caring for Yourself domain is not supported by substantial evidence. The Court again disagrees.

First, Plaintiff argues that J.S.'s poor eating habits and obesity, problematic sleeping habits, and failure to take her medications all support marked limitations in the domain of Caring for Yourself and therefore, the ALJ's failure to mention them in the Caring for Yourself section of his analysis demonstrates that his determination was unsupported by substantial evidence. ECF No. 6-1 at 20. However, the Court declines to remand the matter on this basis.

Generally, an ALJ's decision need not be explicit in every detail or exhaustive in its discussion of the evidence. All that is required is that an ALJ's analysis "afford[ ] an adequate basis for meaningful judicial review, appl[y] the proper legal standards, and [be] supported by substantial evidence." *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). Remand may be warranted where a court is "unable to fathom the ALJ's rationale in relation to [the] evidence in the record." *Berry v. Schweiker*, 675 F.2d 464, 469 (2d Cir. 1982). Otherwise, so long as the "the evidence of record permits [the court] to glean the rationale of an ALJ's decision," an ALJ is not required to "mention[ ] every item of testimony presented to him or [ ] explain[ ] why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of disability." *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983).

Here, the ALJ did not specifically mention J.S.'s poor eating habits and obesity, problematic sleeping habits, and failure to take her medications in the Caring for Yourself section of his determination. However, elsewhere in the decision, he discusses these factors. He mentions twice that there was a lack of evidence to suggest J.S.'s weight had more than a minimal impact on her functioning. Tr. 32, 42. He noted that J.S. struggled with her sleep schedule, but also noted that she worked with Dr. Hunt to adjust her nightly routine to help improve her sleep. Tr. 34. The ALJ considered J.S.'s mixed compliance with taking her medication as prescribed in the Acquiring and Using Information section but concluded that it did not support a marked limitation in that

7

domain. Tr. 38. From his discussion of these factors elsewhere, the Court can glean that he believed they were insufficient to support marked limitations in the domain of Caring for Yourself. In sum, remand is not warranted on the grounds raised by Plaintiff.

### c. Interacting and Relating with Others

Plaintiff also claims that the ALJ erred in his analysis of the domain of Interacting and Relating with Others. *See* ECF No. 6-1 at 22–24. Plaintiff's arguments do not warrant remand. To establish disability at step three, the child's impairments must cause "marked" limitations in two domains or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(d). The ALJ found that J.S. did not have a marked limitation in any of the domains, and Plaintiff only disputes two of the domains. Because the Court has upheld the ALJ's finding regarding the domain of Caring for Yourself and Plaintiff does not allege an extreme limitation in the domain of Interacting and Relating with Others, any error with respect to the domain of Interacting and Relating with Others would be harmless: even if Plaintiff succeeded in showing that J.S. was markedly limited in that domain, she could not be found disabled. *See, e.g.*, *Gualtieri v. Comm'r of Soc. Sec.*, No. 17-CV-821, 2019 WL 3497917, at *6 (W.D.N.Y. Aug. 1, 2019); *Lindner v. Colvin*, No. 13-CV-1058, 2015 WL 5156877, at *7 (W.D.N.Y. Sept. 2, 2015). Therefore, the Court need not address Plaintiff's arguments on this domain.

**CONCLUSION**

For all of the reasons stated, Plaintiff's Motion for Judgment on the Pleadings (ECF No. 6) is DENIED, and the Commissioner's Motion for Judgment on the Pleadings (ECF No. 7) is GRANTED. The complaint is DISMISSED WITH PREJUDICE, and the Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: September 25, 2024
       Rochester, New York

                                              HON. FRANK P. GERACI, JR.
                                              United States District Judge
                                              Western District of New York